LARRY Q. PHAN, ESQ. / SBN: 284561
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone:  (916) 379-3500
Facsimile:  (916) 379-3599

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IOANA BAIU,

     Plaintiff,

     v.

THE UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, VA HOSPITAL, TANYA
JACKSON and DOES 1 through 20, inclusive,

     Defendants.

Case No.:

**COMPLAINT FOR PERSONAL INJURIES**

Plaintiff IONA BAIU complains against Defendants THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, VA HOSPITAL, TANYA JACKSON and DOES 1 through 20, and each of them, and alleges:

### FACTS COMMON TO ALL CAUSES OF ACTION

1.    The true names and capacities -- whether individual, corporate, associate or otherwise -- of Defendants DOES 1 through 20, are unknown to Plaintiff, who therefore sues such DOES by such fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.  Each of the Defendants, and DOES 1 through 20, are legally responsible in some manner -- negligently, in warranty, strictly, or otherwise -- for the incident that is the subject of this Complaint.

///

2.    Plaintiff is now, and at all times herein mentioned was, a citizen of and resident within the County of Santa Clara, State of California.  Plaintiff further alleges that each Defendant TANYA JACKSON and DOES 11 through 20 are citizens and residents of, or doing business within, the County of Santa Clara, State of California.  The amount in controversy is in excess of the minimal jurisdictional limits of this Court.

3.    **JURISDICTION**:  The Court has original jurisdiction over this matter arising under 28 U.S.C. Sections 1331; 1346(b) and 2671 *et seq.* because the claim alleges torts committed by agents or employees of the United States government in the course and scope of their employment.  The amount in controversy exceeds the minimum jurisdictional limits of this Court.

4.    **VENUE:**  This Court has venue under 28 U.S.C. 1391(b)(1) and (2) because Defendant resides and does business in this district and the acts giving rise to the claim occurred at localities within this district.  This Court has venue under 28 U.S.C. Section 1346(b), 1402(b) and 28 U.S.C. Section 2674 because Defendant and any employees or personnel involved in the subject incident resides and does business in this district and the acts giving rise to the claim occurred at localities within this district.  Plaintiffs reside in the Northern District of California. The subject incident occurred in the Northern District of California. The medical care for Plaintiff, occurred in the Northern District of California and future medical care is likely to be in the Northern District of California.  All non-economic damages were and will continue to be sustained in the Northern District of California. Further, Defendant does business within the State of California and the County of Santa Clara.  The injuries and damages claimed in this complaint are asserted in Plaintiff's claims.

5.    That it is unknown by Plaintiff at this time whether Defendants DOES 1 through 20 are doing business as a partnership, corporation, or other type of entity, and Plaintiff will ask leave to amend this pleading to set forth their true names and capacities when the same have been ascertained.

6.    Plaintiff is informed and believes and upon said information and belief alleges that at all times herein mentioned Defendants THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, VA HOSPITAL and DOES 1 through 10, and each of them are, and for a long time prior

thereto, were owners and/or in possession of the certain premises located at 3801 Miranda Avenue, Palo Alto, California 94304.

7.      At all relevant times Defendant THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, and DOES 1 through 10, and each of them are, are a public entity that owned, operated, managed, controlled, and supervised, the VA HOSPITAL, and all buildings, installations, roadways, grounds and premises associated with that property. At all relevant times Defendant VA HOSPITAL and DOES 1 through 10 leased, rented, or otherwise occupied a building and premises owned by Defendant STATE, with the consent of that Defendants.

8.      That Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants TANYA JACKSON and DOES 11 through 20, and each of them, were acting within the course and scope of employment by Defendants THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and DOES 1 through 10, and each of them.

9.      That on or about August 16, 2019, Plaintiff IOANA BAIU acting a chief resident surgeon for Stanford Medical Center, while legally on the premises as described hereinabove, was leaving a patient room and as she entered the adjoining hallway, she was struck by a large heavy metal cart being pushed by Defendant VA HOSPITAL's employee TANYA JACKSON, causing injury and damages to Plaintiff.  Plaintiff is informed and believes and thereon alleges that on the day in question, the Defendants, their agents, and each of them, knew or should have known of the improperly maintained area.

10.     In or around the month of August, year 2019, Plaintiff attempted to file a claim for injury with the Occupational Health Department at the Veteran's Health Administration and was advised on August 26, 2019 by Laura O'Bannon, RNP of the Office of Occupational Health Services at the Palo Alto Veteran's Administration Hospital that she was not eligible to file such a claim and that her claim would not be processed because she was an employee of Stanford Health and not an employee of the Veteran's Administration at the time of the subject incident.

11.     On or about May 22, 2020, Plaintiff served a valid and timely government tort claim on Defendant THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS.

12.     On September 15, 2020, paralegal Hector L. Santiago of the Department of Veterns

**Complaint for Personal Injuries**

1   Affairs, Office of the General Counsel, sent an email to Plaintiff's counsel advising:

2        "Yes, Ms. Tanya Jackson was a VA employee at the time of the incident."

3        "As indicated in your claim, your client's injury occurred during the course of her

4   government employment. As a resident on duty she is considered a Federal Employee. The

5   Federal Employees Compensation Act (FECA), section 8101, title 5, United States Code (U.S.C.),

6   et seq., provides the exclusive remedy for work-related injuries of Federal employees. Although it

7   appears that FECA would apply in this case to bar any FTCA claim, the Department of Labor's

8   Office of Workers' Compensative Programs (OWCP), as designee of the Secretary of Labor, has the

9   exclusive authority to determine whether an injury is covered by FECA. 5 U.S.C. § 8128(b).

10  Accordingly, you should file a FECA claim with OWCP in order to determine whether the alleged

11  injury is within its exclusive jurisdiction. This office will hold your FTCA claim in abeyance until

12  such time as the Secretary of Labor renders a decision regarding the FECA claim."

13       13.    On or about November 30, 2020, Plaintiff attempted to file a Claim for

14  Compensation with the U.S. Department of Labor, Office of Worker's Compensation, but was told

15  that Plaintiff was not eligible as Plaintiff was not an employee of the Federal Government.

16       14.    Plaintiff has complied with 28 U.S.C. Section 2675, presenting Claims to the UNITED

17  STATES OF AMERCIA and the claims were deemed denied by operation of law.

18                    **FIRST CAUSE OF ACTION**

19                 **(Personal Injury: IOANA BAIU)**

20       Plaintiff IOANA BAIU complains against Defendants THE UNITED STATES DEPARTMENT OF

21  VETERANS AFFAIRS, VA HOSPITAL, TANYA JACKSON and DOES 1 through 20, and alleges as

22  follows:

23       15.    The true names and capacities -- whether individual, corporate, associate or

24  otherwise -- of Defendants DOES 1 through 10, are unknown to Plaintiff, who therefore sues such

25  DOES by such fictitious names.  Plaintiff will amend this Complaint to show their true names and

26  capacities when the same have been ascertained.  Each of the Defendants, and DOES 1 through

27  10, are legally responsible in some manner -- negligently, in warranty, strictly, or otherwise -- for

28  the incident that is the subject of this Complaint.

-4-

**Complaint for Personal Injuries**

16.     Plaintiff is now, and at all times herein mentioned was, a citizen of and resident within the County of Santa Clara, State of California.  Plaintiff further alleges that each Defendant is a citizen and resident of, or doing business within, the County of Santa Clara, State of California.  The amount in controversy is in excess of the minimal jurisdictional limits of this Court.

17.     That it is unknown by Plaintiff at this time whether Defendants THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, VA HOSPITAL and DOES 1 through 10 are doing business as a partnership, corporation, or other type of entity, and Plaintiff will ask leave to amend this pleading to set forth their true names and capacities when the same have been ascertained.

18.     Plaintiff is informed and believes and upon said information and belief alleges that at all times herein mentioned Defendants THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, VA HOSPITAL and DOES 1 through 10, and each of them are, and for a long time prior thereto, were owners and/or in possession of the certain premises located at 3801 Miranda Avenue, Palo Alto, California 94304.

19.     That Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1 through 5, and each of them, were acting within the course and scope of employment by Defendants VA HOSPITAL and DOES 6 through 10, and each of them.

20.     That on or about August 16, 2019, Plaintiff IOANA BAIU, while legally on the premises as described hereinabove, was standing in a hallway when she was struck by a large heavy metal cart being pushed by Defendant VA HOSPITAL's employee TANYA JACKSON and DOES 11 through 20, causing injury and damages to Plaintiff.  Plaintiff is informed and believes and thereon alleges that on the day in question, the Defendants, their agents, and each of them, knew or should have known of the improperly maintained area.

21.     That at said time and place, Defendants THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, VA HOSPITAL and DOES 1 through 10 and each of them, negligently caused, permitted, constructed, managed and maintained, inspected, supervised, etc. said metal cart permitting it to be in a dangerous, defective and hazardous condition in an area allowed for usage of persons lawfully on the premises.

///

**Complaint for Personal Injuries**

22.     Defendants THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, VA HOSPITAL and DOES 1 through 10, negligently hired, trained, and/or supervised Defendant TANYA JACKSON and DOES 1 through 20, in such a fashion as to cause and/or contribute to the occurrence of the incident described herein.

23.     As a result of the negligence of Defendants, Plaintiff IOANA BAIU suffered personal / bodily injuries, resulting in economic and noneconomic damages.  Economic damages include, but are not limited to, (1) past and future medical and/or ancillary related expenses, (2) past and future income and/or earning capacity loss, (3) loss of ability to provide household services, and (4) incidental and consequential damages and/or property damage and loss of use.  Noneconomic damages include, but are not limited to (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety and (6) emotional distress.

Plaintiff IOANA BAIU prays for judgment against Defendants for:

a.     Noneconomic damages in excess of the jurisdictional limit of this Court;

b.     All medical and incidental expenses according to proof;

c.     All loss of earnings according to proof;

d.     Prejudgment interest to the extent permitted by law;

e.     All costs of suit; and

f.     Such other and further relief as this Court may deem just and proper.

DATED: March 29, 2021                **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: _____
LARRY Q. PHAN

**Complaint for Personal Injuries**